## CHARLES O. VOSE

### v.

## WILLIAM A. STRONG ET AL., EXECUTORS AND TRUSTEES.

*Statute of Frauds—Administration.*

1. A court of equity will not enforce a parol agreement when it is obnoxious to the statute of frauds even if performed, unless the evidence both as to its terms and the facts necessary to take the case out of the

statute, is clear and convincing. If any doubt remains it should not be enforced.

2. Upon a bill filed against the executors of the estate of à deceased person, wherein it is claimed that a sum of money is due complainant by virtue of a parol contract existing between him and the deceased, whereby the former was to transact the business of the latter during his life for a certain compensation, this court holds, that the evidence fails to show such a contract, that the contract as made was within the statute of frauds, that the case is not taken out of the statute by performance on complainant's part, and declines to interfere with the decree against him.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. GEORGE S. HOUSE, for appellant.

Mr. C. W. BROWN, for appellees.

MR. JUSTICE LACEY. This was a bill in equity filed by appellant in the Circuit Court of Will County, against the appellees, the executors of Martin C. Bissell, deceased, in which appellant claims a large sum of money from the estate by virtue of a claimed contract existing between him and the deceased during the latter's lifetime, running from March, 1881, to May 12, 1888, the time of Bissell's death, in which it is averred that a parol contract existed between appellant and deceased, whereby the appellant was to transact deceased's business during the latter's lifetime, for a compensation to be received by him of one-eighth of the net income of Bissell yearly, as well in the increased value of his real estate as his personal estate; appellant paying one-eighth of all losses, taxes, insurance and repairs; that the real estate was to be valued yearly, and the increase in value each year was to be counted as income, and appellant was to receive one-eighth of such increase. The appellees answered, denying such contract, and setting up the statute of frauds and perjuries.

Upon a hearing of the case the court below refused to allow the claim as to the one-eighth part of the increase value of the real estate. After a careful perusal of the evidence and the lengthy briefs on either side, we have arrived at the conclusion that the evidence fails to show such a contract as is alleged, or that the one-eighth part of the yearly or any other increase of the real estate was to be included in the compensation. There is no proof that the memoranda found among Bissell's effects were evidence of the contract suggested in them, but if so they will not bear the construction sought to be placed on them by appellant, as to the right to receive as net income one-eighth of the increase value of Bissell's real estate. And the memoranda were not in the handwriting of Bissell, but were made by Grinton and others, employed to overhaul the books kept by Grinton.

Besides this, the contract as made was within the statute of frauds. Secs. 1 and 2, Chap. 59, R. S., Sec. 1, among other things, provides that "no action shall be brought whereby to charge  *  *  *  any defendant upon any special promise  *  *  *  that is not to be performed within the space of one year from the making thereof, unless such promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

Sec. 2 is the same, prohibiting actions to be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, for a longer period than one year, unless, etc., a memorandum or note thereof shall be in writing, etc., and signed by the party to be charged therewith, or some person thereunto lawfully authorized by him in writing.

It will be seen that the contract upon which the bill is predicated is void as against both those sections of the statute. The contract by its terms was not to be performed within one year, and it was a contract concerning real estate " not to be performed within one year." But the

appellant's counsel insist that the case is taken out of the statute by performance on appellant's part.

The law is well established, that a court of equity will not enforce a parol agreement, when it is obnoxious to the statute of frauds, even if performed, unless the evidence, both as to its terms and the facts necessary to take the case out of the statute, is clear and convincing. If any doubt remains it should not be enforced. In this case we do not think such proof has been produced.

The fact that the books were made up by Grinton, allowing appellant the one-eighth part of the profits on certain real estate sold does not constitute sufficient evidence that the contract in question existed. Grinton's testimony is not sufficiently clear to sustain the allegations set out in the bill. It only gives what he supposes to be the substance of what Bissell said to him, which we regard as not very reliable.

Grinton appears to us to have a strong bias in favor of appellant, who is Grinton's main witness in support of a case very similar to this in all its parts, except the contract in that case is in writing. The case referred to is the case of Grinton v. the appellees, and is in this court for hearing at this term. It seems to us that there can not fail to be a strong sympathy between them. Each one depends to a large extent on the testimony of the other to establish a claim of thousands of dollars against the estate of the same person, and such fact, however honest the parties may be, can not fail to have a strong influence on their minds, for which we must make due allowance. Appellant was employed by Bissell at the same time with Grinton, and to perform substantially the same work, or a part of it, as the latter; and hence the evidence and facts are much the same in each case. For a more complete statement of the facts of this case than we have made, we refer to our opinion in the case of Grinton against the appellees, filed at this term of the court and reported in the present volume at page 82.

Upon the whole case we think the decree of the court below is correct. The decree is therefore affirmed.

*Decree affirmed.*